UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BROADVOICE, INC,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Civil Action No. _____
                                    )
BELLSOUTH CORP., BELLSOUTH          )
TELECOMMUNICATIONS, INC.,           )
and                                 )
BELLSOUTH INTELLECTUAL              )
PROPERTY CORP.                      )
                                    )
        Defendants.                 )
_____)

05 11495 NG

RECEIPT # _____
AMOUNT $ 250.00
SUMMONS ISSUED 3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. m.P.
DATE 7/8/05

## COMPLAINT FOR DECLARATORY RELIEF MAGISTRATE JUDGE JGD

BroadVoice, Inc. ("BroadVoice") brings this action against BellSouth Corp.

("BSC"), BellSouth Telecommunications, Inc. ("BST"), and BellSouth Intellectual

Property Corp. ("BIPCO") (collectively "Defendants") for declaratory relief.

### INTRODUCTION

BroadVoice offers Voice over Internet Protocol ("VoIP") communication services

to businesses and individuals as an alternative to traditional "land-line" telephone service.

This dispute arose when Defendants asserted that BroadVoice was competing unfairly

with Defendants through BroadVoice's use of an advertising image intended to

distinguish BroadVoice's Internet-based communications services from those of

traditional telephone companies. The advertising image consists of an outline of a bell,

surrounded by a heavy red circle, with a red slash bisecting the bell outline (hereinafter

referred to as BroadVoice's "no bell" image). Defendants have asserted that

BroadVoice's use of the "no bell" image infringes and dilutes Defendants' claimed Bell

Logo trademark, and Defendants have threatened to enforce their alleged rights unless

BroadVoice ceases and desists from future use of the Bell Logo. By this action,

BroadVoice seeks a declaration that its use of the "no bell" image is proper, and a

judgment that BroadVoice: (1) has not infringed Defendants' claimed trademark; (2) has

not diluted Defendants' claimed trademark; and (3) has not engaged in unfair

competition.

## JURISDICTION AND VENUE

1.    Jurisdiction is conferred on this Court under 15 U.S.C. § 1121 and 28

U.S.C. § 1338(a) (trademark disputes), 15 U.S.C. § 1116 (injunctive relief), and 28

U.S.C. §§ 2201, 2202 (Federal Declaratory Judgment Act).

2.    Venue is appropriate with this Court pursuant to 28 U.S.C. § 1391(b) and

(c).

## THE PARTIES

3.    Plaintiff BroadVoice, Inc. is a privately-held corporation organized under

the laws of Delaware, with its principal place of business at 900 Chelmsford Street,

Lowell, Massachusetts 01851. The company was founded in 2003. Using a global

telecommunications network and advanced routing technologies, BroadVoice provides

broadband-based, home and business communication services to consumers anywhere in

the world at prices lower than those charged by traditional, "land-line" telephone

companies.

4.    On information and belief, Defendant BellSouth Corp. ("BSC") is a

corporation organized under the laws of the State of Georgia, with its principal place of

2

business at 1155 Peachtree St. NE, Atlanta, GA 30309-3610. BellSouth is one of the Regional Bell Operating Companies ("RBOCs") that emerged after the 1984 break-up of AT&T.

5.     On information and belief, Defendant BellSouth Telecommunications, Inc. ("BST") is a corporation organized under the laws of the State of Georgia, with its principal place of business at 675 West Peachtree Street NE, Atlanta, GA 30375.

6.     On information and belief, Defendant BellSouth Intellectual Property Corp. ("BIPCO") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 824 Market Street, Suite 901, Wilmington, DE 19801.

## FACTS

7.     In 2004, BroadVoice introduced the "no bell" image as part of a marketing effort to help BroadVoice distinguish its VoIP services from those of traditional telephone companies.

8.     In or about September 2004, Defendants wrote to BroadVoice and demanded that BroadVoice "stop using and destroy" any materials that displayed BroadVoice's "no bell" image. In a series of subsequent internal e-mail communications later forwarded to BroadVoice, Defendants stated that "[i]n these situations being vigilant about pursuing any possible infringement is as important as the actual outcome."

9.     In or about October 2004, after additional communications, Defendants, through BIPCO, sent a formal cease-and-desist letter to BroadVoice. In it, Defendants demanded that BroadVoice discontinue all use of the "no bell" image, destroy all tangible materials on which the "no bell" image appeared, and refrain from any future trademark infringement. Defendants asserted in the letter that BroadVoice's use of the "no bell"

image amounts to trademark infringement, trademark dilution, and unfair competition.

10.    In response to this threatening letter, in or about January 2005,
BroadVoice, through its counsel, responded with an eight-page letter denying that
BroadVoice's use of the "no bell" image infringed or diluted the Bell Logo trademark.

11.    Among other things, BroadVoice's January 2005 letter explained that
BroadVoice's use of the universal symbol for "no" (a red circle with a red slash bisecting
the circle) "undermines any realistic claim that the 'no Bell' design could lead to a
likelihood of confusion with the 'Bell' trademark." In addition, the January 2005 letter
noted that there was no evidence that BroadVoice's use of the "no bell" image had
actually diluted the Bell Logo trademark, and that in any case the "no bell" image
constituted a fair use of one portion of Defendants' trademark for identification purposes
only.

12.    On or about June 2, 2005, Defendants responded to BroadVoice's detailed
analysis. Choosing not to engage in what they dismissed as "an academic debate," the
Defendants simply restated their belief that BroadVoice's use of the "no bell" image was
infringing and amounted to trademark dilution. Defendants also demanded that
BroadVoice's cease use of the "no bell" image. Defendant BIPCO threatened that absent
confirmation that BroadVoice acceded to its demands, BIPCO would "pursue its legal
remedies."

## COUNT I

### (DECLARATION OF NON-INFRINGEMENT OF TRADEMARK)

13.     BroadVoice realleges and incorporates herein by reference paragraphs 1 through 12 above as if set forth fully herein.

14.     Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between plaintiff BroadVoice and Defendants regarding the issue of whether or not plaintiff's use of the "no bell" image infringes Defendants' claimed rights in the Bell Logo trademark in violation of the Lanham Act, 15 U.S.C. § 1114, or other applicable law. BroadVoice denies Defendants' allegations.

15.     Absent a resolution of this matter, BroadVoice will be uncertain as to whether its continued use of the "no bell" symbol exposes BroadVoice to liability.

16.     BroadVoice has no other prompt and expeditious remedy to protect its interest.

17.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that BroadVoice may determine its rights and duties under the Lanham Act or other applicable law and the facts of this case.

## COUNT II

### (DECLARATION OF NON-DILUTION OF TRADEMARK)

18.     BroadVoice realleges and incorporates herein by reference paragraphs 1 through 17 above as if set forth fully herein.

19.     Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between plaintiff BroadVoice and Defendants regarding the issue of whether plaintiff's use of the "no bell" image dilutes the Bell Logo

5

in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c) ("FTDA"), or other applicable law. BroadVoice denies Defendants' allegations.

20.    Absent a resolution of this matter, BroadVoice will be uncertain as to whether its continued use of the "no bell" symbol exposes BroadVoice to liability.

21.    BroadVoice has no other prompt and expeditious remedy to protect its interest.

22.    Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that BroadVoice may determine its rights and duties under the FTDA or other applicable law and the facts of this case.

## COUNT III

### (DECLARATION OF NO UNFAIR COMPETITION)

23.    BroadVoice realleges and incorporates herein by reference paragraphs 1 through 22 above as if set forth fully herein.

24.    Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between plaintiff BroadVoice and Defendants regarding the issue of whether or not plaintiff's use of the "no bell" image amounts to unfair competition under the Lanham Act or any other applicable law. BroadVoice denies Defendants' allegations.

25.    Absent a resolution of this matter, BroadVoice will be uncertain as to whether its continued use of the "no bell" symbol exposes BroadVoice to liability.

26.    BroadVoice has no other prompt and expeditious remedy to protect its interest.

27.    Under the circumstances, a judicial declaration is necessary and

6

appropriate at this time in order that BroadVoice may determine its rights and duties with respect to competition under the Lanham Act or other applicable law and the facts of this case.

## DEMAND AND PRAYER

WHEREFORE, plaintiff requests judgment as follows:

A.    A declaration of this Court that BroadVoice's use the "no bell" image does not infringe Defendants' Bell Logo trademark and that BroadVoice is free to use the "no bell" image (and any image substantially similar thereto) without restriction by said Defendants;

B.    A declaration of this Court that BroadVoice's use of the "no bell" image does not dilute Defendants' Bell Logo trademark  and that BroadVoice is free to use the "no bell" image (and any image substantially similar thereto) without restriction by said Defendants;

C.    A declaration of this Court that BroadVoice's use of the "no bell" image does not amount to unfair competition and that BroadVoice is free to use the "no bell" image (and any image substantially similar thereto) without restriction by said Defendants;

D.    For attorneys' fees and costs incurred in this suit to be paid to BroadVoice by Defendants; and

E.     For such other and further civil and equitable relief as the Court may deem

just and proper.

Respectfully submitted,
BroadVoice, Inc.

By its attorneys

DATE:  July 8, 2005

BIRNBAUM & GODKIN, LLP
Robert N. Feldman (BBO # 630734)
280 Summer Street
Boston, MA  02210
Tel: 617-307-6100
Fax: 617-307-6101

BOSTON LAW GROUP, LLP
Sean C. Ploen (BBO # 641279)
20 Park Plaza, Suite 637
Boston, Massachusetts 02116
(617) 426-6800

8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)_____
    BroadVoice v. BellSouth Corp., et al

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
    rule 40.1(a)(1)).

    | | | |
    |---|---|---|
    | [✓] | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
    | [✓] | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases |
    | [ ] | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, |

**05  11435  NG**

    | | | |
    |---|---|---|
    | | | 380, 385, 450, 891. |
    | [ ] | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
    | [ ] | V. | 150, 152, 153. |

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
             YES [ ]     NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC
    §2403)
             YES [ ]     NO [✓]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
             YES [ ]     NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
             YES [✓]     NO [ ]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
             YES [✓]     NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

    Eastern Division [✓]      Central Division [ ]      Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
    residing in Massachusetts reside?

    Eastern Division [ ]      Central Division [ ]      Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
    submit a separate sheet identifying the motions)
             YES [ ]     NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Robert N. Feldman
ADDRESS   Birnbaum & Godkin, LLP, 280 Summer Street, 5th flr., Boston, MA 02210
TELEPHONE NO.   617-307-6100

(CategoryForm.wpd  - 5/2/05)

®JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

BroadVoice, Inc.

## DEFENDANTS

BellSouth Corp., BellSouth Telecommunications, Inc. and BellSouth Intellectual Property Corp.

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Robert N. Feldman, Birnbaum & Godkin, LLP, 280 Summer St., 5th flr., Boston, MA 02210  617-307-6100

Attorneys (If Known)

05 11435 NG

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                             and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original
      Proceeding

☐ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      another district
      (specify)

☐ 6 Multidistrict
      Litigation

☐ 7 Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. s. 1114 and s. 1125

Brief description of cause:
Declaratory Judgment re Trademark

## VII. REQUESTED IN
      COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
       IF ANY

(See instructions):     JUDGE _____   DOCKET NUMBER _____

DATE

07/08/2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____