UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BROADVOICE, INC., </br></br>     Plaintiff, </br></br> v. </br></br> BELLSOUTH CORP., BELLSOUTH TELECOMMUNICATIONS, INC., and BELLSOUTH INTELLECTUAL PROPERTY CORP. </br></br>     Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No.  05-11435-NG </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**AFFIDAVIT OF SEAN PLOEN, ESQ. IN SUPPORT
OF BROADVOICE, INC.'S MOTION IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS, OR TRANSFER, OR STAY**

I, Sean Ploen, Esq., being duly sworn, do hereby depose and state as follows:

1. I am an attorney employed at the Boston Law Group, LLP, which is located at 20 Park Plaza, Suite 637, Boston, Massachusetts 02116. I am co-counsel for Plaintiff BroadVoice, Inc., in the above-captioned matter.

2. This affidavit, which is based upon my personal knowledge, is submitted in support of Plaintiff's Opposition to Defendant's Motion to Dismiss, or Transfer, or Stay.

3. On September 13, 2005, I encountered a display of telephone equipment at BJ's Wholesale Club, Inc., a retail store located at 26 Whittier Street, Framingham, Massachusetts 01701. The display prominently featured two trademarks, BELLSOUTH

and the Bell Logo. I photographed the display. A true and accurate copy of the photograph is attached hereto as Exhibit A.

4. The equipment on display was being offered for sale in new and unopened packaging. I purchased a "BellSouth 2.4 Ghz Multi-Handset Telephone System," model GH9640SL-2. The purchased equipment consisted of several components, each of which bore the BELLSOUTH and Bell Logo trademarks.

5. On September 22, 2005, I visited BellSouth Corporation's Web site at <www.bellsouth.com>. The site offers a variety of telephone equipment and accessories for sale to businesses and individual consumers. After selecting a piece of telephone equipment and entering a name, a Massachusetts shipping address, and credit-card information, I was prompted to "Submit Order." I believe that if I had clicked on this button, I would have purchased the equipment and it would have been delivered to me in Boston.

6. A true and accurate copy of promotional material from the VON Fall 2005 conference in Boston, Massachusetts, listing Mr. Bill Smith of BellSouth Corporation as a scheduled speaker is attached hereto as Exhibit B.

7. True and correct copies of Plaintiff's model requests for production of documents, interrogatories, and Rule 30(b)(6) deposition notice, all directed to personal jurisdiction issues, are attached hereto as Exhibit C.

Signed under the pains and penalties of perjury this 23rd day of September, 2005.

_____/Sean Ploen/_____
Sean Ploen, Esq.

**EXHIBIT A**



**EXHIBIT B**



**pulvermedia** | FALL VON | VON MEXICO | SPRING VON | VON CANADA | VON RUSSIA | VON EUROPE | VON UK | VON JAPAN

# VON FALL 2005 CONFERENCE & EXPO
## The world's largest and leading IP Communications event

VOIP HAPPENS RIGHT HERE • SEPTEMBER 19-22 • BOSTON CONVENTION CENTER — produced by pulvermedia

## Conference Schedule

- WELCOME TO VON 2005
- REGISTER TO ATTEND
- BROCHURE REQUEST
- CONFERENCE SCHEDULE
- THE VON EXPO
- SPEAKERS
- OUR SPONSORS
- VON NEWS BLOG
- PRESS INFORMATION
- HOTEL & TRAVEL
- OTHER EVENTS

**Fall VON 2005 Expo Hours:**
Tuesday, September 20th: 10am-5pm
Wednesday, September 21st: 10am-5pm
Thursday, September 22nd: 10am-2pm

*A special Exhibit Hall Preview for VON Conference Delegates, Speakers, and Press will be held Monday, September 19th, 6pm-8pm*

### Industry Perspective
Tuesday, September 20, 2005, 10:00am - 10:30am

**Bill Smith, CTO, BellSouth**

As Chief Technology Officer for BellSouth Corporation, Bill Smith is responsible for setting the technology direction of BellSouth's core infrastructure. His department includes network and operations technology, Internet protocol (IP) applications, and next-generation strategy as well as BellSouth Entertainment, LLC. Mr. Smith began his career with BellSouth in 1979 and moved through a variety of job responsibilities including technology, operations, marketing, and public policy. An active participant in National and International Telecommunications Standards, most recently Mr. Smith was responsible for BellSouth's DSL, Internet, and wholesale business units. He also serves as Chairman of the Board of the Alliance for Telecommunications Industry Solutions (ATIS), a Washington, D.C. based technical planning and standards organization serving the telecommunications industry.

**Premier Sponsors:**



DITECH COMMUNICATIONS    NEXTONE

**Platinum Sponsors:**

acme packet    AVAYA    Level(3)    NORTEL

 POLYCOM  SIEMENS   Sonus NETWORKS   TEKELEC

**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
BROADVOICE, INC.,                     )
                                      )
         Plaintiff,                   )
                                      )
v.                                    )   Civil Action No. **05-11435-NG**
                                      )
BELLSOUTH CORP., BELLSOUTH            )
TELECOMMUNICATIONS, INC.,             )
and                                   )
BELLSOUTH INTELLECTUAL                )
PROPERTY CORP.,                       )
                                      )
         Defendants.                  )
_____)

**(PROPOSED) PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS BY DEFENDANT BELLSOUTH CORP.
DIRECTED TO PERSONAL JURISDICTION ISSUES**

     The Plaintiff hereby requests, pursuant to Fed.R.Civ.P. 34, that Defendant BellSouth Corporation ("BellSouth Corp.") produce for inspection, photocopying or photographing at the offices of Birnbaum and Godkin, LLP, 280 Summer Street, Boston, MA 02210, within thirty (30) days hereof, the following documents and tangible things in the Defendant's possession, custody or control that embody, refer to, or relate to the Defendant.  Unless otherwise specified, all requests relate to events occurring from the beginning of time through the present.  Defendant shall comply with its duty to supplement.

     This request is intended to cover all records and documents in the possession of Defendant and subject to its custody and control, whether they are located at Defendant's place of residence, any principal or secondary business office, or within the possession of any other person or organization and being subject to Defendant's custody or control.

     If the attorney-client or attorney work-product privilege is claimed with respect to any document, statement or conversation identified or referred to in the following requests, please state the precise nature of the privilege claimed, the reason for the claim of privilege, and the author of the document, the date and the parties to the conversation with respect to which the privilege is claimed.

**DEFINITIONS**

As used in this Request for Production of Documents, the definitions of the terms set forth below shall be as follows:

- "Defendant" includes Defendant BellSouth Corporation in this action, unless otherwise specified, and each and every one of its agents, servants, employees, representatives and attorneys.

- "Person" or "persons" shall include natural persons, sole proprietorships, firms, partnerships, associations, joint ventures and corporations.

- "Relating to," "concerning," and "referring to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or regarding.

- "Documents" and "records" shall mean the original, all copies and drafts of writings of any kind, including, and without limiting the generality of the foregoing, correspondence, memoranda, reports, notes, letters, messages (including notations and reports, notes and memoranda of telephone conversations and conferences), electronic mail, calendar and diary entries, contracts, records, data and agreements. The terms shall also apply to any information requested which is recorded within or upon any computer, computer disk, computer printout, tape, data sheet or data processing card, and shall likewise include any other written, recorded, transcribed, punched, taped, filmed or graphic matter. The terms shall include all written, typewritten, printed and photocopied, drawn, graphic, photographic, recorded, filmed and microfilmed materials of every description; including, by way of illustration, but not of limitation, the following: blueprints, plans, sketches, diagrams, drawings, maps, charts, graphs and models; books, logs, diaries, journals, ledgers, notebooks and reports; notes, minutes of meetings, memoranda, letters, correspondence, telegrams; photographs, films, microfilms, tapes, videotapes and recordings; mathematical and scientific formulae, computations and data; purchase orders, invoices, confirmations, contracts, agreements, equipment leases, sales slips, receipts, bills, checks, cancelled checks, check registers, bank statements, brokerage account statements and other writings and printed materials specifically referred to in the following numbered requests; and preliminary drafts and amended or modified versions or copies of any of the foregoing.

- "Statement" shall mean a written statement signed or otherwise adopted or approved by the person making it; and stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

- The use of any term, whether singular or plural, shall be interpreted broadly so as to effect maximum disclosure of those documents requested and no use of any such term shall be interpreted in any way so as to limit same.

**DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED**

1. Copies of any and all documents relating to any sales, income, receipts, profits, contractual benefits, or revenues received by Defendant from activities or operations which occurred or are occurring within the Commonwealth of Massachusetts.

2. Copies of any and all documents relating to any losses, liabilities, debts, contractual obligations, or expenditures incurred by Defendant from activities or operations which occurred or are occurring within the Commonwealth of Massachusetts.

3. Copies of all documents, including files, records, correspondence, electronic mail, memoranda or notations of telephone conversations, or other documents of any nature, which constitute or relate to communication between the Defendant and Plaintiff BroadVoice, Inc., and any other person or entity located within the Commonwealth of Massachusetts.

4. Copies of all documents, including files, records, correspondence, electronic mail, memoranda or notations of telephone conversations, or other documents of any nature, which constitute or relate to advertising or advertisements by Defendant which may have been broadcast, transmitted, mailed, or otherwise distributed in the Commonwealth of Massachusetts.

5. Copies of all documents, including files, records, correspondence, electronic mail, receipts, memoranda or notations of telephone conversations, or other documents of any nature, which relate to any and all visits made by Defendant's officers, employees and agents to the Commonwealth of Massachusetts while engaged in business activities on behalf of Defendant.

6. Copies of all documents, including files, records, correspondence, electronic mail, receipts, memoranda or notations of telephone conversations, or other documents of any nature, which relate to any and all lawsuits, arbitrations, mediations or other legal and/or administrative proceedings involving Defendant which were or are pending within any judicial forum within the Commonwealth of Massachusetts.

7. Copies of any and all documents relating to the mailing, sale or distribution of any goods into the Commonwealth of Massachusetts, including the names and addresses of all paying customers, non-paying customers, and other recipients.

8. Copies of any and all documents relating to the sale or provision of any services in the Commonwealth of Massachusetts, including the names and addresses of all paying customers, non-paying customers, and other recipients.

9. Copies of any and all documents relating to the sale or distribution of any goods, or the sale or provision of any services in the Commonwealth of Massachusetts by a third-party entity on behalf of Defendant.

                Respectfully submitted,

September __, 2005

BroadVoice, Inc.
By its attorneys,

_____
Robert N. Feldman (BBO# 630734)
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, Massachusetts  02210
(617) 307-6100

and

Sean C. Ploen (BBO # 641279)
BOSTON LAW GROUP, LLP
20 Park Plaza, Suite 637
Boston, Massachusetts  02116
(617) 426-6800

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
BROADVOICE, INC.,                      )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )   Civil Action No. **05-11435-NG**
                                       )
BELLSOUTH CORP., BELLSOUTH             )
TELECOMMUNICATIONS, INC.,              )
and                                    )
BELLSOUTH INTELLECTUAL                 )
PROPERTY CORP.,                        )
                                       )
        Defendants.                    )
_____ )

**(PROPOSED) FIRST SET OF INTERROGATORIES DIRECTED
TOWARD PERSONAL JURISDICTION ISSUES TO BE
ANSWERED BY DEFENDANT BELLSOUTH CORP.**

      **Please take notice that,** pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and to the Instructions and Definitions set forth below, you are hereby required to submit, under oath and subject to the pains and penalties of perjury, written responses to the following Interrogatories propounded by Plaintiff BroadVoice, Inc., the same to be filed with Plaintiff's attorneys of record within thirty (30) days from the date hereof.

## I. INSTRUCTIONS

      You are required, when answering the following Interrogatories, to make inquiry of your agents, employees, accountants, advisors, attorneys, banks and bankers, bookkeepers, brokers, consultants, creditors, debtors, directors, trustees and any and all other persons who are in any way able to assist you in providing your complete responses to these Interrogatories; and to examine any and all documents as described in II. DEFINITIONS, below, which are in any way relevant and necessary to aid you in providing your complete responses to these Interrogatories.

      If you are unable to answer any Interrogatory or part thereof, you are required to answer to the best of your ability and to state the reason for your inability to answer and what efforts you have made to obtain the requested information.

**These Interrogatories are to be deemed continuing in nature, requiring supplemental answers thereto to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.** If you or your attorney, or any other person or persons representing your interests should discover any additional information relevant to these Interrogatories, or discover any other person or persons having knowledge relevant to these Interrogatories, you are required to provide such additional information and to furnish the names and addresses of such persons to Plaintiff's attorneys of record; and, in the event such other person or persons are anticipated to be witnesses in this matter, to give timely notice as to such witnesses and as to their anticipated testimony in connection with any of the issues involved herein. [*See* IV. SUPPLEMENTAL RESPONSES TO INTERROGATORIES, *below*.]

## II. DEFINITIONS

As used in these Interrogatories, the definitions of the terms set forth below shall be as follows:

- The "Corporation" shall refer to Defendant BellSouth Corporation or, wherever applicable, to anyone acting on its behalf.

- "Person" or "persons" shall include natural persons, sole proprietorships, firms, partnerships, associations, joint ventures and corporations.

- "Documents" shall mean all documents and all written, recorded or graphic matter of any kind and nature whatsoever, however produced or reproduced, whether hand-written, typed or computer-generated, including, but not limited to, the following:

    account statements; analyses; applications; bank statements, passbooks and other bank records; bills; books and books of account; business diaries; cancelled checks and check stubs; certificates, certificates of deposit and other depository records; computer tapes and like-recorded data; contracts; correspondence and other communications, however transmitted and/or recorded; data processing forms and reports; evaluations; insurance policies and premium invoices; ledgers; minutes of meetings; notes; office memoranda; opinions; pamphlets; personal diaries; personal memoranda; police reports; profit and loss statements; recordings of any kind or nature; reports; schedules; statements and statements of earnings; tax returns, including forms and schedules attendant thereto; telephone and other communication logs and records; electronic mail, Web logs and/or server logs; videotapes; and all drafts and non-identical copies of the foregoing.

- The words "identify," "identity," or "identification," when used in reference to a natural person, shall mean to state his full name and present or last known address, his present or last known position and business affiliation, and each of his positions during the relevant time period as defined below; when used in reference to a document kept or prepared in the course of business, such words shall mean to state

its date, its author, the type of document (*e.g.*, letter, memorandum, telegram, chart, photograph, sound reproduction, etc.), a brief description of its contents or, if the above information is not available, some other means of identifying it and its present location and the name of its present custodian(s).  If any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to others and if so, to whom, or (d) otherwise disposed of, and in each instance, explain the circumstances surrounding and authorization for such disposition thereof and state the date or approximate date thereof.

- The use of any singular term shall be deemed to be inclusive of more than one, wherever applicable.

### III. CLAIMS OF PRIVILEGE

If you invoke a claim of privilege as to any Interrogatory, you are required to answer such Interrogatory by so declaring and by stating briefly and with particularity the facts or circumstances alleged by you in support of such claim.

### IV. SUPPLEMENTAL RESPONSES TO INTERROGATORIES

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, all Interrogatories, the responses to which are later found to have been incorrect when made or no longer to be true, will be deemed to be continuing in nature so as to require supplemental answers through the time of trial. Such supplemental answers shall be furnished within a reasonable time after the occurrence of the event necessitating the supplemental answers.

### V. INTERROGATORIES

*INTERROGATORY NO. 1*

State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

*INTERROGATORY NO. 2*

Identify all documents and set forth with specificity all facts with respect to:

> (a) the number and type of goods, if any, which were mailed, shipped or otherwise presented by the Corporation for delivery to addresses within the Commonwealth of Massachusetts, whether to paying customers or otherwise;

(b) the total revenues received, if any, from such mailings, shipments and deliveries; and,

(c) the number of solicitations for the sale of goods, if any, which were mailed or otherwise sent to addresses within the Commonwealth of Massachusetts.

## INTERROGATORY NO. 3

Identify all documents and set forth with specificity all facts with respect to:

(a) the amount and type of services, if any, which were provided by the Corporation to customers, paying or otherwise, within the Commonwealth of Massachusetts;

(b) the total revenues received, if any, from such provision of services; and,

(c) the number of solicitations for the provision of services, if any, which were mailed or otherwise sent to addresses within the Commonwealth of Massachusetts.

## INTERROGATORY NO. 4

Identify all documents and set forth with specificity all facts with respect to the relationship, if any, between the Corporation and each of the following entities registered with the Secretary of the Commonwealth of Massachusetts to do business in Massachusetts:

(a) BellSouth Acquisition Corporation
(b) BellSouth BSE, Inc.
(c) BellSouth Business Systems, Inc.
(d) BellSouth Cellular Corp.
(e) BellSouth Cellular National Marketing, Inc.
(f) BellSouth Communication Systems, LLC
(g) BellSouth Communications, Inc.
(h) BellSouth Government Systems
(i) BellSouth Long Distance, Inc.
(j) BellSouth MNS, Inc.
(k) BellSouth Mobile Data Company Limited Partnership
(l) BellSouth Mobile Data, Inc.
(m) BellSouth Mobility LLC
(n) BellSouth Resources, Inc.
(o) BellSouth Systems Integration, Inc.
(p) BellSouth Systems Technology, Inc.
(q) Velocita Wireless, Limited Partnership (formerly known as BellSouth Wireless Data, Limited Partnership)

*INTERROGATORY NO. 5*

Identify all documents and set forth with specificity all facts with respect to any communication that occurred between the Corporation or anyone acting on its behalf and any persons located in Massachusetts, whether such communication was in the form of telephone calls, electronic mail, mail delivered by the United States Postal Service, mail delivered by other commercial means, or any other form.

*INTERROGATORY NO. 6*

Identify all documents and set forth with specificity all facts with respect to any visits made by the Corporation's employees or agents, while engaged in Corporation business, to the Commonwealth of Massachusetts.  For each such visit, please provide the name of the individual(s) who entered the Commonwealth, the duration of the visit, and the purpose of the visit.

*INTERROGATORY NO. 7*

Identify all documents and set forth with specificity all facts with respect to any contracts or agreements entered into by the Corporation

> (a) with entities located in the Commonwealth of Massachusetts; or

> (b) which specify that Massachusetts law will govern the contract or agreement; or

> (c) which specify that a Massachusetts court(s) will have jurisdiction over any disputes arising out of the contract or agreement;

*INTERROGATORY NO. 8*

Identify all documents and set forth with specificity all facts with respect to any advertising or advertisements for the Corporation which may have been broadcast into, mailed into, transmitted into, or otherwise distributed in the Commonwealth of Massachusetts, whether by the Corporation or by a third party or parties.

*INTERROGATORY NO. 9*

Identify by name, address and telephone number all vendors located within the Commonwealth of Massachusetts who have provided or are currently providing goods and/or services to the Corporation, along with a detailed accounting of all sums which the Corporation has paid or is obliged yet to pay for such goods and services.

*INTERROGATORY NO. 10*

Identify by name, address and telephone number <u>all</u> persons to whom you made inquiry in answering these Interrogatories and, if any such person's statement was relied upon in answering these Interrogatories, specify such person and the Interrogatory to which it applied (do not identify anyone who simply typed or reproduced the responses).

|  |  |
|---|---|
|  | Respectfully submitted, |
| September __, 2005 | BroadVoice, Inc.<br>By its attorneys, |
|  | _____<br>Robert N. Feldman (BBO# 630734)<br>BIRNBAUM & GODKIN, LLP<br>280 Summer Street<br>Boston, Massachusetts  02210<br>(617) 307-6100 |
|  | and |
|  | Sean C. Ploen (BBO # 641279)<br>BOSTON LAW GROUP, LLP<br>20 Park Plaza, Suite 637<br>Boston, Massachusetts  02116<br>(617) 426-6800 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                  )
BROADVOICE, INC.,                      )
                                                  )
       Plaintiff,                   )
                                                  )
v.                                                 )        Civil Action No. **05-11435-NG**
                                                    )
BELLSOUTH CORP., BELLSOUTH  )
TELECOMMUNICATIONS, INC.,    )
and                                           )
BELLSOUTH INTELLECTUAL        )
PROPERTY CORP.,                  )
                                                )
       Defendants.                )
_____)

**(PROPOSED) NOTICE OF TAKING OF RULE 30(B)(6) DEPOSITION OF
DEFENDANT BELLSOUTH CORPORATION,
<u>DIRECTED TO PERSONAL JURISDICTION ISSUES</u>**

To:  All Counsel of Record

     Please take notice that commencing at 10:00 a.m. on October __, 2005, at the offices of Birnbaum & Godkin, LLP, 280 Summer Street, Boston, MA, the Plaintiff in this action, by its attorneys, will take the deposition, upon oral examination, of Defendant BellSouth Corporation (the "Corporation"), by its managing agent, officers and/or employees to be designated by the Corporation, pursuant to Fed.R.Civ.P. 30(b)(6), before a Notary Public in and for the Commonwealth of Massachusetts or before some other officer authorized by law to administer oaths.  The oral examination will continue from day to day until completed.  You are invited to attend and cross-examine.

     The subject matter upon which testimony is sought is as follows:

1. Information pertaining to the nature, extent and duration of the Corporation's activities and operations within the Commonwealth of Massachusetts;

2. Information pertaining to the revenues received and/or liabilities incurred by the Corporation from such activities and operations;

3. Information pertaining to the Corporation's contractual agreements which may implicate the laws or courts of the Commonwealth of Massachusetts;

4. Information pertaining to the Corporation's contacts with the Commonwealth of Massachusetts, whether in the form of visits by its personnel, communications, or otherwise; and,

5. Every other thing known to the Corporation that relates to the subject of whether personal jurisdiction exists over it within the Commonwealth of Massachusetts in connection with the above-referenced matter.

Respectfully submitted,

September __, 2005

BroadVoice, Inc.
By its attorneys,

_____
Robert N. Feldman (BBO# 630734)
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, Massachusetts  02210
(617) 307-6100

and

Sean C. Ploen (BBO # 641279)
BOSTON LAW GROUP, LLP
20 Park Plaza, Suite 637
Boston, Massachusetts  02116
(617) 426-6800