UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROADVOICE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  05-11435-NG |
| ) | |
| BELLSOUTH CORP., BELLSOUTH ) | |
| TELECOMMUNICATIONS, INC., ) | |
| and ) | |
| BELLSOUTH INTELLECTUAL ) | |
| PROPERTY CORP. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

Plaintiff BroadVoice, Inc. ("BroadVoice"), by its undersigned counsel, respectfully submits this memorandum in support of its Motion for Reconsideration.  The Court's recent order dismissing BroadVoice's complaint for declaratory judgment rests upon multiple errors of fact, and the decision deprives BroadVoice of any remedy against Defendant BellSouth Corporation.

**I.      Background**

On July 8, 2005, BroadVoice filed the above-captioned action, a complaint for declaratory relief against three defendants:  BellSouth Corporation ("BellSouth"), BellSouth Intellectual Property Corporation ("BIPCO"), and BellSouth Telecommunications, Inc. ("BST").  The complaint sought clarification as to whether BroadVoice's use of a particular advertising

image--which use had been objected to by the Defendants--infringed or diluted Defendants' trademark rights.

Defendants responded on September 2, 2005 by filing a Motion to Dismiss, or Transfer, or Stay, alleging that personal jurisdiction and venue did not exist in Massachusetts over BellSouth, BIPCO, or BST.  BroadVoice opposed that motion and urged the Court to allow limited personal jurisdiction discovery as to the three Defendants.  Meanwhile, two of the Defendants, BIPCO and BST—but <u>not</u> Defendant BellSouth—filed a complaint for trademark infringement and dilution in the Northern District of Georgia.  After further briefing by the parties, this Court issued on December 21 an order granting Defendants' Motion to Dismiss.  The order did not address the personal jurisdiction issue, but rested instead upon the fact that BroadVoice and one of the three Defendants had been parties to a contract containing a limited forum-selection clause which the Court read as necessitating the hearing of this dispute in Georgia.

## II.  Argument

### A.  The Court's Order Is Based On Factual Mistakes

The Court's order contains multiple errors of fact.  The order reads in its entirety as follows:

> Broadvoice (BV) seeks: 1) a declaration of non-infringement of trademark; 2) a declaration of non-dilution of trademark; 3) a declaration of no unfair competition.  Bellsouth Corp. (BST) responded with a motion to dismiss, or transfer, or stay BV's complaint, and, in the interim, filed a complaint in the Northern District of Georgia for trademark infringement under federal law and Georgia law, trademark dilution under federal law and Georgia law, and unfair competition under federal law and Georgia law.  BST makes three arguments in their [*sic*] motion to dismiss, or transfer, or stay.  First, it asserts that this action should be dismissed for lack of personal jurisdiction and/or improper venue.  In the alternative, it argues that this case should be transferred to the Northern District of Georgia for the convenience of the parties and in the interests of justice.  In the alternative, it argues that this action should be stayed pending the

>outcome of the Georgia trial.  **I conclude that the motion to dismiss should be granted because the parties agreed, as part of their initial contract, to settle all legal disputes in the appropriate court of the state of Georgia.**  Consequently, I do not address issues relating to whether personal jurisdiction exists, the case should be transferred, or a stay should be issued, as each of these questions is rendered moot by the dismissal.  The First Circuit has decided that such motions concerning forum selection clauses should be treated as alleging the failure to state a claim for which relief should be granted under Fed. R. Civ. P. 12(b)(6).  *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387 (1st Cir. 2001).  Accordingly, BST's motion to dismiss is granted pursuant to 12(b)(6).

December 21, 2005 Order Granting Motion to Dismiss (emphasis supplied).  The Court's decision rests on several factual assumptions that are not supportable.  Also, the Court's decision solely concerns BellSouth Corporation, but leaves unresolved the status of the other two Defendants.  And, the Court's decision deprives BroadVoice of a remedy as to Defendant BellSouth Corporation, which is not a party to the Georgia action.

### 1. There Was No "Initial Contract" Between BroadVoice and BellSouth Corporation

The Court states that "…the parties agreed, as part of their initial contract…," but no such contract exists.  BroadVoice and BellSouth Corporation never entered into a contract, a fact that BellSouth Corporation itself stressed to the Court:

>All agreements, including Mr. Smith's May 21, 2004 letter and the Master Services agreement were between BroadVoice and BST, not BellSouth Corporation.  BroadVoice is well aware of this fact, as both agreements were executed and signed by BellSouth Telecommunications, Inc.  Moreover, these documents were superceded by the Trial Agreement, which BroadVoice acknowledges was between BroadVoice and BST.

Defendants' Reply Memorandum in Support of Their Motion to Dismiss, or Transfer, or Stay, p. 2 (citations omitted).  It is undisputed that BellSouth Corporation was <u>not</u> a signatory to any contract with BroadVoice.  Thus, there is no contractual basis to allow BellSouth Corporation to avoid the jurisdiction of the Court.

3

### 2. BroadVoice and BellSouth Telecommunications, Inc. Did Not Agree "To Settle All Legal Disputes In" The State Of Georgia

As noted above by Defendants, a Trial Agreement did exist, not between BroadVoice and BellSouth Corporation but between BroadVoice and BST. The provision of the agreement referenced by the Court states that:

> The laws of the State of Georgia shall govern the validity, construction, interpretation, and performance of this Agreement. The jurisdictional venue for any legal proceedings for injunctive relief or in support of arbitration involving this Agreement shall be held in applicable local, state or federal court located within the State of Georgia.

"Trial Agreement between BroadVoice, Inc. and BellSouth Telecommunications, Inc.," § 31.1. The provision does not state that BroadVoice and BST agreed to settle "all legal disputes" in Georgia, but just two types of disputes: proceedings for injunctive relief and proceedings in support of arbitration. BroadVoice's declaratory judgment complaint does not seek injunctive relief, and BroadVoice's declaratory judgment complaint is not "in support of arbitration." Rather, BroadVoice's action seeks a judicial declaration as to whether its unrelated marketing activities constitute trademark infringement, trademark dilution, or unfair competition, as Defendants alleged in a series of threatening letters. The Court's reliance on the forum-selection clause in the BroadVoice-BST agreement is misplaced.

### 3. BellSouth Corporation Did Not File A Complaint In The Northern District of Georgia

The Court's decision also assumes that BellSouth Corporation, after filing the Motion to Dismiss in the present action, "filed a complaint in the Northern District of Georgia for trademark infringement under federal law and Georgia law, trademark dilution under federal law and Georgia law, and unfair competition under federal law and Georgia law." BellSouth Corporation, however, is not a party to the Georgia action, a fact the Defendants concede:

4

"BIPCO and BST have filed a more comprehensive action in the United States District Court for the Northern District of Georgia for trademark infringement under federal law, trademark dilution under federal law and Georgia law, and unfair competition under federal law and Georgia law." Defendants' Motion to Dismiss, or Transfer, or Stay, p. 5. Thus, all disputes between all parties will not be resolved in the Georgia action.

These various facts necessitate a reconsideration of the Court's earlier ruling and the issuance of a new order permitting the limited personal-jurisdiction discovery requested by Plaintiff.

### B. The Court's Decision Deprives BroadVoice Of A Complete Remedy

The parties' dispute began when BroadVoice received correspondence from Defendants threatening legal action. Instead of ignoring Defendants' allegations, BroadVoice availed itself of its rights under Fed.R.Civ.Pro. 57 and requested a declaratory judgment that its actions were proper. The general rule is that where two identical actions exist, the first-filed action is given priority. See Cianbro Corp. v. Curran-LaVoie, Inc., 814 F.2d 7 (1st Cir. 1987).

Here, the Defendants' actions in Massachusetts prior to BroadVoice's filing—directing multiple threatening communications to BroadVoice, entering into at least two agreements (between BroadVoice and BST), initiating numerous e-mail communications and weekly telephone calls (between BroadVoice and BST), along with regular and widespread intellectual property exploitation—justify adherence to the first-to-file rule. This Court traditionally has followed that principle. See, e.g., GSI Lumonics, Inc. v. BioDiscovery, Inc., 112 F. Supp. 2d 99 (D. Mass. 2000) (Young, C.J.) (giving priority to first-filed declaratory judgment action where defendant had sent a single threatening letter and entered into one contractual relationship with plaintiff.)

BroadVoice cannot obtain a full remedy in the Georgia proceeding, since BellSouth Corporation is not a party to that action. Thus, even if the Georgia court were to determine that BroadVoice's actions are permissible vis-à-vis Defendants BST and BIPCO, BroadVoice would face continued uncertainty as to whether BellSouth Corporation itself would institute another proceeding against BroadVoice. This is not idle speculation: BellSouth Corporation's Web site states that "You are not authorized to use any BellSouth name or mark as a hypertext link to any BellSouth Website or in any advertising, publicity or in any other commercial manner without the prior written consent of BellSouth," where "BellSouth" is defined as "all of the subsidiaries and affiliates of BellSouth Corporation, as well as their successors and assigns." See "Terms of Use of BellSouth Web Site(s)," §§ 1, 14 at <bellsouth.com/termsofuse.html>. BroadVoice thus needs to have certainty as to whether its actions violate the rights of Defendant and parent company BellSouth Corporation, not just the two subsidiary corporations who are plaintiffs in the Georgia action.

### C. The Court Has Ample Authority To Reconsider Its Order

Fed.R.Civ.Pro. 60(b) bestows broad authority on the Court to revisit its earlier ruling, stating five specific grounds for granting relief from an order and a sixth, more general basis for doing so. BroadVoice here relies upon Fed.R.Civ.Pro. 60(b)(1), which provides that "upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for…mistake," or in the alternative upon Rule 60(b)(6), which permits the Court to grant such relief for "any other reason justifying relief from the operation of the judgment."

Courts enjoy wide latitude in implementing these Rule 60(b) provisions: "[t]he decision as to whether relief should be granted is committed to the sound discretion of the court," and that

6

discretion "extends to all aspects of the decision[.]"  12-60 Moore, Federal Practice – Civil §
60.22[1] (2005).  The Court's discretion is constrained by the fact that motions relying upon
Rule 60(b)(1) must be brought within one year after the judgment was entered; here, the
judgment was entered three months ago.  (Motions relying upon Rule 60(b)(6) simply must be
brought within a "reasonable time" after entry of the judgment.)  Reconsideration would result in
no prejudice to Defendants, since no party has made any filings in the Georgia proceeding since
issuance of the Court's order and indeed, the discovery process has barely begun in that case.

### 1. Rule 60(b)(1) Provides The Basis For Reconsideration

Rule 60(b)(1) provides the Court with the power to undo a judgment if that ruling rests upon a "mistake" or "inadvertence."  As one court noted, "Although earlier versions of this rule limited mistake to mistake of a party, the 1946 Amendment removed that restrictive qualification so that judicial mistakes are included within the scope of Rule 60(b)."  Cashner v. Freedom Stores, 98 F.3d 572, 576 (10th Cir. 1996) (citing Fed. R. Civ. P. 60(b) advisory committee notes).  "[A]s a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where […] the judge has made a substantive mistake of law or fact in the final judgment or order."  Ibid.

> This Court has articulated clear principles governing situations such as the present one.
>
> District courts have broad discretion in reviewing Rule 60(b) motions.  As a threshold matter, the movant "must give the trial court reason to believe that vacating the judgment will not be an empty exercise."  The movant then must demonstrate 1) timeliness, 2) the existence of exceptional circumstances justifying relief, and 3) the absence of unfair prejudice to the opposing party.

Rooney v. Biomet, Inc., 197 F.R.D. 209, 211 (D. Mass. 2000) (internal citations omitted).  Here, reconsideration will not be an "empty exercise," as the facts identified above are obviously material.  BroadVoice has complied with the time requirements of Rule 60(b)(1), and

7

"exceptional circumstances" exist, since this situation is both highly unusual and deeply harmful to BroadVoice.  Finally, the Defendants would be neither unfairly prejudiced nor indeed prejudiced at all, since there has been no reliance upon the Court's decision and no subsequent substantive actions have been taken in the Georgia proceeding.

### 2. The Court Also Possesses Authority Under Rule 60(b)(6)

Rule 60(b)(6)'s grant of authority for "any other reason justifying relief" is, of course, deliberately broad.  "A trial court's discretion in granting relief under F.R.C.P. 60(b) 'is especially broad given the underlying equity principals involved.'" Peterman v. United States, 103 F.3d 130 (6th Cir. 1996) (unpublished disposition) citing McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir. 1991).  For decades, courts have used the rule to correct results that otherwise would lead to an injustice.  "F.R.C.P. 60(b) is a remedial rule that is to be liberally construed."  Bridoux v. Eastern Air Lines, 214 F.2d 207, 210 (1954), cert. denied, 348 U.S. 821; Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951).  Courts in this Circuit adopt a similarly broad interpretation: "The 'catchall provision' of Rule 60(b) allows a court to relieve a party from a final judgment where such relief is appropriate to accomplish justice, but the reasons for that relief are not encompassed by the other provisions of the rule." Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1 (1st Cir. 2001).

Under either Rule 60(b)(1)'s "mistake" provision or Rule 60(b)(6)'s 'catch-all' provision, this Court possesses ample authority to revisit its earlier ruling and remove the injustice done to BroadVoice.[1]

---

[1] The Court also possesses authority under Fed.R.Civ.Pro. 59(e) to alter or amend its ruling, if accompanied by a waiver of the pertinent time restrictions; in such event, BroadVoice would re-submit this Motion explicitly relying upon the Rule 59(e) basis.

8

**CONCLUSION**

BroadVoice filed its Complaint for Declaratory Judgment only after it had received a series of demands and threats from Defendants. As noted in BroadVoice's earlier briefs, it is a small company with fewer than 40 employees, all of whom are Massachusetts-based; in contrast, Defendant BellSouth Corporation alone is a $20-billion-a-year business. It would be a particular injustice if, after having properly attempted to avail itself of the declaratory judgment process, BroadVoice were forced to litigate this case in Georgia because of several understandable, but unfortunate, factual mistakes. BroadVoice is confident that the Court will want to avoid such injustice, and BroadVoice thus respectfully requests that the Court reconsider its Motion to Dismiss and allow the parties to perform the personal jurisdiction discovery earlier requested by BroadVoice.

For the foregoing reasons, BroadVoice respectfully requests that this Court allow BroadVoice's Motion for Reconsideration.

Respectfully submitted,
BroadVoice, Inc.

By its attorneys

DATE: March 2, 2006

\_\_/s/ Sean Ploen_____
BOSTON LAW GROUP, LLP
Sean Ploen (BBO # 641279)
20 Park Plaza, Suite 637
Boston, Massachusetts 02116
Tel:(617) 426-6800
Fax: (617) 426-6802

BIRNBAUM & GODKIN, LLP
Robert N. Feldman (BBO # 630734)
280 Summer Street
Boston, MA 02210
Tel: 617-307-6100
Fax: 617-307-6101

## CERTIFICATE OF SERVICE

I, Sean Ploen, certify that I served a copy of the within document on counsel for the Defendants:

>Edward P. Leibensperger, Esq.
>McDermott Will & Emery LLP
>28 State Street
>Boston, MA  02109

and

>Stephen M. Schaetzel, Esq.
>Kilpatrick Stockton LLP
>1100 Peachtree Street, Suite 2800
>Atlanta, GA  30309

by first-class mail, postage prepaid, on March 2, 2006.

>____/s/ Sean Ploen_____
>Sean Ploen